O'NEILL v. OGDEN AERIE, NO. 118, F. O. E., et al.

No. 1795.    Decided March 23, 1907 (89 Pac. 464).

EVIDENCE — PAROL EVIDENCE — LEASE — MEANING OF TERMS.  Where, in a written lease, lessee covenanted not to sublet the premises for any other purpose than for "lodge use" or "lodge purposes" without the consent of lessor, and the premises were sublet to various lodges, which, among other things, used the premises for dancing, it was competent to show by parol, in an action to restrain the letting of the premises for dancing, the usage prevalent among the lodges of that city as to social entertainments and the giving of dances, the acts and conversations of the parties contemporaneous with the execution of the lease, their subsequent conduct, and the situation of the parties, for the purpose of explaining the meaning of the terms "lodge use" and "lodge purposes."

APPEAL from District Court, Second District; J. A. Howell, Judge.

Action by J. P. O'Neill against Ogden Aerie, No. 118, Fraternal Order of Eagles, and others, trustees of that order. From a judgment for defendants, plaintiff appeals.

AFFIRMED.

*Heywood & McCormick* and *Valentine Gideon* for appellant.

*Maginnis & Corn* for respondents.

STRAUP, J.

The plaintiff leased the third floor of a building at Ogden City, Utah, to the defendant Ogden Arie, No. 118, Fraternal Order of Eagles, a fraternal lodge organization. The lease contained the following covenant; "That neither the lessee nor its legal representatives will let or underlet said premises, or any part thereof, or assign this lease for any other purpose than for lodge use, without the written consent of the lessor first having been obtained thereto; it being understood by and between the parties hereto that the said lessee shall have the right and privilege to lease said premises to

others than itself for lodge purposes without the consent in writing or otherwise of the said lessor." The defendant, without the written consent of the plaintiff, subleased the premises to various lodges, who held monthly meetings in the hall, and who, among other things, in connection with their social features and the entertainment of their members and friends, gave card parties, concerts, and dances, which were carried on and conducted on the floor of the leased premises. The plaintiff brought this action to restrain the defendant and others from letting or using the leased premises for dancing, alleging that such use was not "for lodge purpose," or "lodge use" and in contravention of the covenant referred to. Upon findings made by the court, judgment was entered for the defendant dismissing plaintiff's complaint, from which the plaintiff appeals.

Over the objections of plaintiff, the trial court permitted the defendant by parol evidence to prove a usage or custom prevalent among the lodges and fraternal organizations at Ogden City with respect to social entertainments for their members and friends, and in that connection the giving of dances, the acts and conversations of the parties to the contract contemporaneous with and immediately prior to the execution of the lease, their subsequent conduct, and the situation of the parties and the circumstances under which the lease was executed, for the purpose of explaining the meaning of the terms "lodge purpose" and "lodge use," and of ascertaining the intention of the parties and properly construing the writing. We think no error was committed in the rulings. (17 Cyc. 668-682; 4 Elliott on Evidence, sections 605-607.)

The contention made by appellant that these words have a common and well-defined meaning, free from uncertainty and ambiguity, and that the sense and meaning of the langauge may not be investigated and ascertained by evidence dehors the contract, is not tenable. We do not well see how the court could intelligently determine the meaning of these terms, and the sense in which they were used

and understood by the parties to the contract, without resorting to such evidence.

The judgment of the court below is affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.